UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLIE LYNN, guardian and
conservator of Frederick E.
Haynes, Sr.,

                Plaintiff

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

                Defendant.

_____/

Case No. 08-12714

John Feikens
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL (Dkt. 6)
AND FOR MORE SPECIFIC ANSWERS TO DISCOVERY (Dkt. 11)
ORDER FOR PLAINTIFF TO SHOW CAUSE**

This case involves an action by plaintiff Kellie Lynn, as guardian and

conservator for Frederick E. Haynes, Sr., against defendant for benefits under an

automobile insurance policy. The case was originally filed in state court and

removed to federal count by defendant. (Dkt. 1).

On September 19, 2008, plaintiff's attorney filed a motion to withdraw.

(Dkt. 5). On September 22, 2008, defendant filed a motion to compel that related

to requests for production that defendant had previously served on plaintiff. (Dkt.

6). On that same day, District Judge John Feikens referred this case to the

undersigned for all pretrial purposes.  (Dkt. 9).  Defendant filed a second motion to

compel on October 29, 2008, seeking more specific answers from plaintiff with

respect to the same discovery requests that were the subject of its first motion;

apparently, plaintiff had provided some answers to the discovery, but defendant

remained dissatisfied with those responses.  (Dkt. 11)

Pursuant to notice, a hearing on these three motions was held telephonically

on November 13, 2008.  (Dkt. 10, 15).  Matthew J. Nagaj, attorney for plaintiff,

and Diane L. Aimar-Saylor, attorney for defendant, participated in the hearing.

With respect to the motion to withdraw, Mr. Nagaj indicated that his relationship

with his client had broken down, but that he believed that plaintiff would be able

obtain the services of another attorney within 30 days.  Defendant's counsel did

not object to Mr. Nagaj withdrawing as counsel for plaintiff.

After the hearing, on November 14, 2008, the Court entered an order

granting the motion to withdraw and holding the motions to compel in abeyance

for 30 days.  (Dkt. 16).  Plaintiff was directed to obtain new counsel within 30 days

of the entry of this order or be prepared to prosecute this matter without counsel.

(Dkt. 16).  The Court also ordered that, after the expiration of the 30-day period,

defendant would either withdraw its motions or inform the Court in writing that no

resolution has been reached, at which time a second hearing will be scheduled and

plaintiff, or new counsel for plaintiff, and defendant's counsel will appear and argue the merits of both motions to compel.  (Dkt. 16).  On January 14, 2009, the Court received a letter from defendant's counsel indicating that no new counsel for plaintiff had yet appeared in this action and that plaintiff had not provided additional discovery responses as required.  (Dkt. 18).  On January 14, 2009, the Court issued a notice of hearing on defendants' motions to compel scheduled for January 29, 2009.  (Dkt. 17).  Plaintiff failed to appear for that hearing and has done nothing to prosecute this case in over four months.  Based on the foregoing, defendant's motions to compel are **GRANTED**.  Within 14 days of entry of this Order, plaintiff must provide full and complete responses to defendant's discovery requests.

In addition, the Court orders plaintiff to show cause why her complaint should not be dismissed for failure to prosecute.  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."

3

*Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In this case, plaintiff has repeatedly ignored the Orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. Thus, plaintiff is **ORDERED** to **SHOW CAUSE** why her complaint should not be **DISMISSED** for failure to prosecute her claims, within 14 days of entry of this Order. **Failure to timely respond to this Order will result in a recommendation for dismissal of plaintiffs' claims**.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any

objection must be served on this Magistrate Judge.

Date: March 12, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>March 12, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Diane L. Aimar-Saylor, James F. Hewson</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Kellie Lynn, 33941 Coachwood Dr., Sterling Heights, MI 48312 and Matthew J. Nagaj, Attorney at Law, 39400 Woodward Avenue, Suite 200, Bloomfield Hills, MI 48304</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov