UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLIE LYNN, guardian and
conservator of Frederick E.
Haynes, Sr.,

        Plaintiff
v.

STATE FARM MUTUAL,
AUTOMOBILE INSURANCE CO.,

        Defendant.
                                  /

Case No. 08-12714

John Feikens
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**DISMISSAL FOR FAILURE TO PROSECUTE**

**I.    PROCEDURAL HISTORY**

This case involves an action by plaintiff Kellie Lynn, as guardian and conservator for Frederick E. Haynes, Sr., against defendant for benefits under an automobile insurance policy. The case was originally filed in state court and removed to federal count by defendant. (Dkt. 1).

On September 19, 2008, plaintiff's attorney filed a motion to withdraw. (Dkt. 5). On September 22, 2008, defendant filed a motion to compel that related to requests for production that defendant had previously served on plaintiff. (Dkt. 6). On that same day, District Judge John Feikens referred this case to the

1

undersigned for all pretrial purposes. (Dkt. 9). Defendant filed a second motion to compel on October 29, 2008, seeking more specific answers from plaintiff with respect to the same discovery requests that were the subject of its first motion; apparently, plaintiff had provided some answers to the discovery, but defendant remained dissatisfied with those responses. (Dkt. 11)

Pursuant to notice, a hearing on these three motions was held telephonically on November 13, 2008. (Dkt. 10, 15). Matthew J. Nagaj, attorney for plaintiff, and Diane L. Aimar-Saylor, attorney for defendant, participated in the hearing. With respect to the motion to withdraw, Mr. Nagaj indicated that his relationship with his client had broken down, but that he believed that plaintiff would be able obtain the services of another attorney within 30 days. Defendant's counsel did not object to Mr. Nagaj withdrawing as counsel for plaintiff.

After the hearing, on November 14, 2008, the Court entered an order granting the motion to withdraw and holding the motions to compel in abeyance for 30 days. (Dkt. 16). Plaintiff was directed to obtain new counsel within 30 days of the entry of this order or be prepared to prosecute this matter without counsel. (Dkt. 16).

The Court also ordered that, after the expiration of the 30 day period, defendant would either withdraw its motions or inform the Court in writing that no

resolution has been reached, at which time a second hearing would be scheduled and plaintiff, or new counsel for plaintiff, and defendant's counsel would appear and argue the merits of both motions to compel.  (Dkt. 16).  On January 14, 2009, the Court received a letter from defendant's counsel indicating that no new counsel for plaintiff had yet appeared in this action and that plaintiff had not provided additional discovery responses as required.  (Dkt. 18).  On January 14, 2009, the Court issued a notice of hearing on defendant's motions to compel scheduled for January 29, 2009.  (Dkt. 17).  Plaintiff failed to appear for that hearing.

Based on plaintiff's failure to appear, the Court granted defendant's motions to compel and ordered plaintiff to provide full and complete responses to defendant's discovery requests by March 26, 2009.  (Dkt. 19).  Additionally, the Court ordered plaintiff to show cause, by March 26, 2009, why her complaint should not be dismissed for failure to prosecute.  (Dkt. 19).  The Court cautioned plaintiff that failure to timely respond would result in a recommendation for dismissal of plaintiff's claims.  (Dkt. 19).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute.

## II.     ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 41 governs dismissals.  As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*).  Moreover, "district courts possess broad discretion to

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In this case, plaintiff has repeatedly ignored the orders of this Court and violated both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan. The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this case, the Court plainly warned plaintiff that her case would be dismissed if she again failed to respond to an order of the Court. (Dkt. 19).[1] Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendants cannot be expected to defend an action," that plaintiffs have "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's complete failure to participate in this case for nearly four months, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White, at *8*, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of

---

[1] It is not clear from the record before the Court whether plaintiff failed to answer discovery as ordered. Thus, the recommendation for dismissal is not grounded in plaintiff's failure, if any, to comply with the March 12, 2009 Order granting defendant's motions to compel.

delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Thus, under the circumstances, the undersigned suggests that dismissal without prejudice is appropriate.

### III.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 27, 2009
s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 27, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Diane L. Aimar-Saylor and James F. Hewson, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Kellie Lynn, 33941 Coachwood Dr., Sterling Heights, MI 48312 and Matthew J. Nagaj, Attorney at Law, 39400 Woodward Avenue, Suite 200, Bloomfield Hills, MI 48304.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

Report and Recommendation
Dismissal for Failure to Prosecute
*Lynne v. State Farm*; 08-12714